UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV86-J

HANK W. COFFMAN                                                                        PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                    DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Hank Coffman ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and the matter remanded for further proceedings.

## PROCEDURAL HISTORY

On March 21, 2006, Claimant filed application for disability insurance benefits and supplemental security income. After a hearing, Administrative Law Judge Don C. Paris ("ALJ") determined that claimant's coronary artery disease was a severe impairment, but that it did not prevent him from performing his past relevant work as a delivery driver. This became the final decision of the Defendant on all applications when the Appeals Council denied review on December 18, 2008.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence

supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ erred in conducting his evaluation of credibility and in failing to accord the proper weight to the opinion of the treating physician. The ALJ found that Mr. Coffman's impairment could reasonably be expected to produce the alleged symptoms, but "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment." Tr. 30

It is well-established that resolving conflicts in the evidence and deciding questions of credibility are matters within the province of the ALJ. Wright v. Massanari, 321 F.3d 611 (6th Cir. 2003). SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529© describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the

2

credibility of an individual's statements:

>    1)   Daily activities;
>
>    2)   The location, duration, frequency, and intensity of pain or other symptoms;
>
>    3)   Precipitating and aggravating factors;
>
>    4)   The type, dosage, effectiveness, and side effects of any medication taken to alleviate your pain or other symptoms;
>
>    5)   Treatment, other than medication, received for relief of pain or other symptoms;
>
>    6)   Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>
>    7)   Other factors concerning functional limitations and restrictions due to pain or other symptoms.

The ALJ stated that Mr. Coffman's activities of daily living are inconsistent with his testimony regarding his limitations. In support of this, the ALJ pointed to Mr. Coffman's performance of household chores and preparing simple meals, reading books and listing to music, his taking the bus to visit his wife in the hospital, his walking a block to church, and his ability to take care of his own personal grooming needs. Tr. 30. Mr. Coffman's actual testimony, however, was that it is difficult for him to do the household chores and that he must take frequent breaks. Tr. 118-119. He testified that he has no hobbies. His cooking consists of making a sandwich or putting something in the microwave. He can read for only 15-30 minutes at a time because of the pain in his neck. Tr. 116. Sometimes he needs help with his grooming needs. This does not appear to reflect evidence of ability to work on a sustained basis, and a critical issue here is stamina for sustained effort.

The ALJ also acknowledged the assessment of Dr. H.L. Speevack, who opined that Mr.

3

Coffman could sit less than six hours in an eight hour work day, and could stand/walk less than two hours in an eight hour work day. Tr. 1055-1056. The ALJ gave the opinion little weight as it was not supported by treatment notes, diagnostic testing or evaluation. Tr. 30. However, this conclusion appears to overlook the fact that Dr. Speevack was Mr. Coffman's physician at the Veterans Administration hospital, such that the abnormal stress tests, catheterizations, and hospitalizations documented in the VA records underlay his opinions.

The ALJ also stated that he rejected the opinion of Dr. Speevack because that opinion was "totally inconsistent with the medical evidence of record and the finding of consultative examiner Dr. Mark Carter." Tr. 30. Unfortunately, the ALJ provides no examples of this "total inconsistency."

The Court is unable to identify substantial evidence to support either the ALJ's credibility determination or the ALJ's rejection of the opinion of Mr. Coffman's treating physician. However, it also appears that there remains an issue of date of onset of disability. Accordingly, the matter must be remanded for that determination.

An order in conformity has this day entered.